PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:        Abram.S.Feuerstein@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| In re:                | Case No. 6:15-bk-18789-MJ |
|-----------------------|---------------------------|
| MARIANA DANIEL,       | Chapter 7                 |
| Debtor.               | UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA IN SUPPORT THEREOF |

**TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, AND ALL PARTIES IN INTEREST:**

The United States Trustee for Region 16, Peter C. Anderson (the "U.S. Trustee") hereby moves, *ex parte*, pursuant to Section 350(b) of the Bankruptcy Code, Federal Rule of Bankruptcy

1

Procedure 5010 and Local Bankruptcy Rule 5010-1,[1] for the entry of an order reopening the Chapter 7 bankruptcy case of Mariana Daniel (the "Debtor") to allow the administration of a potential asset of the estate.

## I. STATEMENT OF FACTS

1. On September 2, 2015, the Debtor filed a voluntary Chapter 7 petition (the "Bankruptcy Case"). Arturo Cisneros was appointed Chapter 7 trustee ("Trustee"). [Declaration of Dimple P. Mehra ("Mehra Decl."), Exhibit ("Exh") 1].[2]

2. The Debtor's Bankruptcy Case was randomly selected for audit on September 14, 2015.

3. The Debtor did not schedule any interest in real property on Schedule A. [Mehra Decl., Exh. 2].

4. The Trustee conducted a 341(a) Meeting of Creditors on October 7, 2015 (the "341a Meeting"). [Mehra Decl., Exh. 1]. During the 341a Meeting, the Trustee inquired about the ownership of the real property located at 24370 Ironwood Avenue, Moreno Valley, CA 92557 (the "Real Property"). The Debtor testified under penalty of perjury that she did not own the Real Property and that it was owned by her ex-spouse. [Mehra Decl., ¶ 5].

5. On October 12, 2015, the Trustee filed a report of no distribution. The Debtor received a discharge on December 14, 2015, and the Court closed the case on December 24, 2015. [Mehra Decl., Exh. 1].

---

[1] Unless stated otherwise, all chapter, section, rule, and local bankruptcy rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

[2] In accordance with Federal Rule of Evidence 201, the U.S. Trustee requests that the Court take judicial notice of the Docket, petition, schedules, statements, and all other pleadings filed in this case.

6. On January 21, 2016, the auditors issued a report of audit with no material misstatement. In their report the auditor's identified that the Debtor may have an ownership interest in the Real Property. [Mehra Decl., Exh. 3].

7. In response to the auditor's inquiry the Debtor provided, under penalty of perjury, a Declaration of Non-Ownership stating that she does not and has not owned the Real Property in the two years prior to filing this Bankruptcy Case. [Mehra Decl., Exh. 4].

8. The U.S. Trustee's office has conducted an analysis of the audit and reviewed information that evidences that as of the petition date, the Debtor may have held an unscheduled interest in the Real Property. [Mehra Decl., ¶ 8].

## II. ARGUMENT

### A. Because Funds May Be Available To Repay Creditors, Cause Exists To Reopen This Bankruptcy Case

Federal Rule of Bankruptcy Procedure 5010 provides, in pertinent part, that a "case may be reopened on motion of the debtor or other party in interest pursuant to Section 350(b) of the Code." Fed.R.Bankr.P. 5010. In turn, Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

Section 554 provides that scheduled property is deemed abandoned when a case closes, "unless the court orders otherwise." Thus, although scheduled assets ordinarily are abandoned upon the closure of a case, courts have discretion to order otherwise. *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193 (B.A.P. 9th Cir. Cal. 1998). Moreover, a court can enter such an order either before the closure of a case, or in connection with the reopening of a case. *Id.* Courts have set aside technical abandonments where a debtor provides the trustee with false or incomplete

information. *In re Gonzalez*, 302 B.R. 687, 692-693 (Bankr. C.D. Cal. 2003)(setting aside the abandonment of real property valued at approximately twice the amount stated on Schedule A).

Motions to reopen bankruptcy cases should be "routinely granted . . ." *In re Dodge*, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992). Reopening a case "presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed and whether the circumstances of reopening necessitate payment of another filing fee." *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 916-17 (B.A.P. 9th Cir. 1999).

Moreover, reopening a case is "merely a ministerial or mechanical act" which will not impact or prejudice any rights of the claimants to the funds. *See Devore v. Marshack, Chapter 7 Trustee (In re Devore)*, 223 B.R. 193, 198 (B.A.P. 9th Cir. 1998); *Menk*, 241 B.R. at 914 ("an improvident reopening is largely a victimless error.").

In this matter, the Real Property may be an estate asset that can be administered for the benefit of creditors. Additionally, Section 350(b) permits a Court to reopen a case for cause. Here, cause exists because a trustee is necessary to investigate, and if necessary litigate, the estate's potential claim to the Real Property. Also, in light of the Debtor's representations concerning the Real Property, the U.S. Trustee desires to review the propriety of the Debtor obtaining a Chapter 7 discharge.

**B.    Notice Is Not Required To Reopen This Case**

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure require notice in order to reopen a case. Federal Rule of Bankruptcy Procedure 5010 does not require that notice be given to reopen a case. Fed.R.Bankr.P. 5010. Section 350(b) also does not "contain the talismanic mention of motion and hearing that connotes the statutory need to permit a contest."

*Menk*, 241 B.R. at 914; 11 U.S.C. § 350(b). In fact, Local Bankruptcy Rule 5010-1 expressly permits a motion to reopen to be considered *ex parte*. LBR 5010-1(e). Accordingly, the Court should grant the relief requested in this Motion without notice.

### III.    CONCLUSION

For the reasons set forth above, the U.S. Trustee respectfully requests that an order be entered reopening this bankruptcy case; authorizing the U.S. Trustee to appoint a Chapter 7 trustee; and for such other and further relief that may be just and equitable.

DATED: February 23, 2016

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ *Abram S. Feuerstein*
Abram S. Feuerstein
Assistant U.S. Trustee

## DECLARATION OF DIMPLE P. MEHRA

I, Dimple P. Mehra, declare:

1. I am employed as a Bankruptcy Auditor by the United States Trustee for Region 16, Riverside Field Office ("RDO").

2. I submit this declaration in support of the U.S. Trustee's Motion to reopen the Debtors' bankruptcy case, Case No. 6:15-bk-18789-MJ ("Motion").[4] I make this declaration of my own personal knowledge, except as to those matters stated on information and belief, and as to such matters, I believe them to be true. If called as a witness, I could and would be competent to testify to the information contained herein.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Court's docket, obtained from PACER.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Debtors' Schedule A.

5. I personally listened to the audio recordings of the 341a Meeting held on October 7, 2015. The audio recordings are maintained as business records by the U.S. Trustee in the ordinary course of business. At the 341a Meeting, the Trustee asked the Debtor about the ownership of the real property located at 24370 Ironwood Avenue, Moreno Valley, CA 92557 (the "Real Property"). The Debtor testified that she did not own the Real Property, and that it was owned by her ex-spouse.

6. Attached hereto as Exhibit 3 is a true and correct copy of the independent auditor's report.

---

[4] Capitalized terms used herein have the meanings ascribed to them in the Motion.

7. Attached hereto as Exhibit 4 is a true and correct copy of the Declaration of Non-Ownership signed by the Debtor.

8. Upon further investigation, I discovered that according to public records, the Debtor currently owns the Real Property and has owned it since 1997 jointly with her ex-spouse.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 23, 2016, at Riverside, California.

Dimple P. Mehra

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Office of the U. S. Trustee
3801 University Ave., Suite 720
Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DIMPLE P. MEHRA FILED IN SUPPORT THEREOF**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 23, 2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 23, 2016 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
Mariana Daniel
24370 Ironwood Ave
Moreno Valley, CA 92557

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 23, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Presiding Judge: (overnight mail via Fed Ex. Attn. Judges' Copies)
Hon. Meredith A. Jury
3420 Twelfth Street, Ste. 325
Riverside, CA 92501

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 23, 2016 | Bonita DeGrave | /s/ Bonita DeGrave |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# Mailing Information for Case 6:15-bk-18789-MJ

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@ecf.epiqsystems.com
- **Michael H Colmenares**    mhcandrmt@aol.com, solucioneslegale@aol.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

### Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

### [Creditor List](#)

Click the link above to produce a complete list of **creditors** only.

### [List of Creditors](#)

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

**CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Riverside)
### Bankruptcy Petition #: 6:15-bk-18789-MJ

*Assigned to:* Meredith A. Jury
Chapter 7
Voluntary
No asset

*Date filed:* 09/02/2015
*Date terminated:* 12/24/2015
*Debtor discharged:* 12/14/2015
*341 meeting:* 10/07/2015
*Deadline for objecting to discharge:* 12/07/2015
*Deadline for financial mgmt. course:* 12/07/2015

*Debtor disposition:* Standard Discharge

**Debtor**
**Mariana Daniel**
24370 Ironwood Ave
Moreno Valley, CA 92557
RIVERSIDE-CA
SSN / ITIN: xxx-xx-7422
*aka* **Mariana Guadalupe Daniel**

represented by **Michael H Colmenares**
Colmenares & Tomilowitz
1321 Post Ave Ste 201
Torrance, CA 90501
310-851-8072
Fax : 310-851-8078
Email: mhcandrmt@aol.com

**Trustee**
**Arturo Cisneros (TR)**
3403 Tenth Street, Suite 714
Riverside, CA 92501
(951) 328-3124

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 09/02/2015 | 1 (54 pgs) | Chapter 7 Voluntary Petition . Fee Amount $335 Filed by Mariana Daniel (Colmenares, Michael) WARNING: Item subsequently amended by docket entry #7. Modified on 9/2/2015 (Denson, Latisha). (Entered: 09/02/2015) |
| 09/02/2015 | 2 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Mariana Daniel. (Colmenares, Michael) (Entered: 09/02/2015) |
| 09/02/2015 | 3 (2 pgs) | Certificate of Credit Counseling Filed by Debtor Mariana Daniel. (Colmenares, Michael) (Entered: 09/02/2015) |

| | | |
|---|---|---|
| 09/02/2015 | [4](#) (5 pgs) | Copies of All Payment Advices (pay stubs) Filed by Debtor Mariana Daniel. (Colmenares, Michael) (Entered: 09/02/2015) |
| 09/02/2015 | [5](#) | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Mariana Daniel. (Colmenares, Michael) (Entered: 09/02/2015) |
| 09/02/2015 | [6](#) (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 10/07/2015 at 10:00 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 12/07/2015. Cert. of Financial Management due by 12/07/2015 for Debtor and Joint Debtor (if joint case) (Colmenares, Michael) (Entered: 09/02/2015) |
| 09/02/2015 | 7 | Notice to Filer of Error and/or Deficient Document **Other - VOLUNTARY PETITON FILED AND FEES NOT PAID. THE FILER IS INSTRUCTED TO PAY THE FILING FEE IMMEDIATELY.** (RE: related document(s) [1](#) Voluntary Petition (Chapter 7) filed by Debtor Mariana Daniel) (Denson, Latisha) (Entered: 09/02/2015) |
| 09/04/2015 | | Receipt of Voluntary Petition (Chapter 7)(6:15-bk-18789) [misc,volp7] ( 335.00) Filing Fee. Receipt number 40749817. Fee amount 335.00. (re: Doc# [1](#)) (U.S. Treasury) (Entered: 09/04/2015) |
| 09/04/2015 | [8](#) (3 pgs) | BNC Certificate of Notice (RE: related document(s)[6](#) Meeting (AutoAssign Chapter 7)) No. of Notices: 6. Notice Date 09/04/2015. (Admin.) (Entered: 09/04/2015) |
| 09/14/2015 | 9 | Trustee's Selection for Audit Filed by United States Trustee. (Feuerstein, Abram) (Entered: 09/14/2015) |
| 10/09/2015 | [10](#) (3 pgs) | Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management - Debtor (Official Form 23) Filed by Debtor Mariana Daniel (RE: related document(s)[6](#) Meeting (AutoAssign Chapter 7)). (Colmenares, Michael) (Entered: 10/09/2015) |
| 10/12/2015 | | Chapter 7 Trustee's Report of No Distribution: I, Arturo Cisneros (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property |

EXHIBIT 1, page 11

| | | |
|---|---|---|
| | | belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 14100.00, Assets Exempt: $ 6776.00, Claims Scheduled: $ 64939.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 64939.00. Filed by Trustee Arturo Cisneros (TR) (RE: related document(s)6 Meeting of Creditors with 341(a) meeting to be held on 10/07/2015 at 10:00 AM at RM 103, 3801 University Ave., Riverside, CA 92501. Objections for Discharge due by 12/07/2015. Cert. of Financial Management due by 12/07/2015 for Debtor and Joint Debtor (if joint case)). (Cisneros (TR), Arturo) (Entered: 10/12/2015) |
| 12/14/2015 | 11 (3 pgs) | ORDER OF DISCHARGE (BNC) (Gomez, Andrea) (Entered: 12/14/2015) |
| 12/16/2015 | 12 (4 pgs) | BNC Certificate of Notice (RE: related document(s)11 ORDER OF DISCHARGE - Chapter 7 (CACB AutoDischarge) (BNC)) No. of Notices: 6. Notice Date 12/16/2015. (Admin.) (Entered: 12/16/2015) |
| 12/24/2015 | 13 | Bankruptcy Case Closed - DISCHARGE. Order of Discharge in the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Jefferson, Angie) (Entered: 12/24/2015) |
| 01/21/2016 | 14 (2 pgs) | Report of Audit with No Material Misstatement Identified. (BNC) Filed by Tronconi Segarra and Associates LLP, nf (Entered: 01/21/2016) |

EXHIBIT 1, page 12

**PACER Service Center**

**Transaction Receipt**

02/22/2016 16:12:01

| PACER Login: | dx2248:4057390:4299065 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 6:15-bk-18789-MJ Fil or Ent: filed From: 11/24/2014 To: 2/22/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 2 | Cost: | 0.20 |

B6A (Official Form 6A) (12/07)

In re  **Mariana Daniel**  ,   Case No. _____
                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

EXHIBIT 2, page 14

January 21, 2016

Mr. Abram Feuerstein
Assistant United States Trustee
Office of the United States Trustee
3801 University Avenue, Suite 720
Riverside, CA  92501

Dear Mr. Feuerstein:

In connection with the Debtor Audit of Mariana Daniel, aka Mariana Guadalupe Daniel, in Bankruptcy Case No. 736-15-18789, we identified the following items of interest to bring to the attention of the United States Trustee.  In accordance with the instructions in our contract, we are reporting the items to you separately either because they do not rise to the level of material misstatements or because we were unable to determine whether it was a material misstatements.

- The debtor received a 2014 federal income tax refund in the amount of $3,378.00, which was direct-deposited into her Chase Bank checking account ending in #7722 on 4/20/15.  The debtor received an additional $651.00, which was direct-deposited into her Chase Bank checking account ending in #7722, from the IRS on 4/27/15.  The debtor stated this was a tax refund.

- The debtor overstated her average monthly income on Form 22A-1 and Schedule I by $1,266.27 and $1,239.86, respectively.  The debtor noted on both Form 22A-1 and Schedule I that she receives $1,000.00 monthly income from "boyfriend contributions".  When asked for a listing of the contributions, the debtor stated she did not receive any scheduled contributions from her boyfriend.

- The debtor failed to report her Wells Fargo Bank account ending in #9223 on the Statement of Financial Affairs as a closed financial account within a year preceding the 9/2/15 petition date.  The account was closed on 4/3/15.

- During our routine database search, we noted the debtor's potential ownership of the following items of real and personal property, which were not listed on Schedule A or B.  The debtor provided a signed declaration of non-ownership attesting that she does not currently, and has not owned such property currently, within two years prior to filing for bankruptcy.
    - 2003 GMC Yukon
    - 24370 Ironwood Avenue, Moreno Valley, CA 92557

Mr. Abram Feuerstein
January 21, 2016
Page 2

- Although requested, the debtor failed to provide copies of bank statements for her Wells Fargo Bank checking account ending in #9223 covering the period 3/2/15 – 3/10/15.

- Although requested, the debtor failed to provide an explanation for a $1,800.00 withdrawal from her JP Morgan Chase Bank checking account ending in #7722 on 4/20/15.

Included in this letter are the documents that support the other items of interest we have identified.

If you have any questions, please contact me.

Very truly yours,

Nicholas J. Fabozzi, CPA
Partner

NJF:hjv
Enclosures

To:  Tronconi Segarra & Associates LLP
     8321 Main Street
     Williamsville, NY 14221

## Declaration of Non-Ownership

I, MARIANA DANIEL, declare:

1. I am the debtor in case number 15-18789, filed in the United States Bankruptcy Court for the CENTRAL District of CALIFORNIA.

2. I have personal knowledge of the facts set forth below and if called as a witness to testify could and would testify competently to those facts.

3. I do not now own, and have not previously owned in the two years prior to the filing of the petition commencing the case listed above, the following described real estate and personal properties:

*2003 GMC Yukon*

*24370 Ironwood Avenue, Moreno Valley, CA 92557*

I declare under penalty of perjury, under the laws of the United States and the State of CALIFORNIA, that the foregoing statements are true and correct.

Executed in __Torrance__, __California__, on __January__, 20__16__.

_____
(Debtor signature)